UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Michael A. Doyle

v.                                    Civil No. 21-cv-112-LM
                                      Opinion No. 2021 DNH 118 P

YMCA of New Hampshire


**O R D E R**

Pro se plaintiff Michael A. Doyle brings this action against defendant The Granite Young Men's Christian Association[1] ("Granite YMCA"), alleging that defendant violated his rights under the Americans With Disabilities Act ("the ADA"), 42 U.S.C. § 12181 et seq.  Defendant moves to dismiss (doc. no. 6) on the bases of insufficient process and insufficient service of process.  See Fed. R. Civ. P. 12(b)(4), (5).  For the following reasons, defendant's motion is denied.


**BACKGROUND**

The following background facts are drawn from the complaint.  Plaintiff suffers from rheumatoid arthritis in his knees, ankles, and hips.  As a result, plaintiff has intermittent walking difficulties and must use handicap parking spaces.  Plaintiff also has difficulty getting out of chairs that are low to the ground.

Defendant owns and operates a facility in Portsmouth, New Hampshire, known as the YMCA of the Seacoast ("Seacoast YMCA").  Seacoast YMCA operates an outdoor pool.  Plaintiff is or was a member of this facility and used the pool.

---

[1] The complaint misnames defendant as "YMCA of New Hampshire."

However, defendant did not permit plaintiff to park in handicap parking spaces close to the pool entrance.  In addition, the armchairs defendant provided for the pool area were too low to the ground for plaintiff to use.  This forced plaintiff to carry his own beach chair to the pool area.

Plaintiff, proceeding pro se, brought this action against "YMCA of New Hampshire" in February 2021.  Plaintiff alleges in his complaint that YMCA of New Hampshire's actions violate the ADA.  He seeks declaratory and injunctive relief.

On April 5, 2021, plaintiff filed a motion requesting additional time to complete service of process.[2]  See doc. no. 2.  Plaintiff included a copy of a summons with his motion.  The summons includes a case caption identifying the defendant as YMCA of New Hampshire.  It does not contain the clerk of court's signature or the court's seal.  In an accompanying certificate of service dated April 1, 2021, plaintiff certified under penalty of perjury that he caused the summons to be served "upon Defendant's management, David Ports, President/CEO at the defendant's address of 15 North State St., Concord, NH 03301."  Id. at 4.

On April 23, plaintiff filed a return of service with the court.  See doc. no. 3.  As with the summons accompanying plaintiff's April 5 motion, the summons includes a case caption identifying the defendant as YMCA of New Hampshire and lacks the court's seal as well as the clerk's signature.  The certified mail receipt accompanying the return indicates that the summons was sent to "YMCA of N.H." at an address of 15 North State Street in Concord, New Hampshire.

---

[2] The court granted this motion in an endorsed order on April 13.

On June 14, defendant appeared through counsel and moved for additional time to respond to the complaint.  See doc. no. 4.  Defendant stated in this motion that it owned and operated Seacoast YMCA and it appeared to be the proper defendant in this action, but that it had been misnamed in the complaint as YMCA of New Hampshire, a non-entity.  Defendant stated that it became aware of plaintiff's complaint after it learned of plaintiff's attempt to effect service of process at 15 North State Street in Concord, the address of a YMCA facility that defendant did not operate.  The court granted defendant's motion in an endorsed order.

On June 28, plaintiff filed an additional return of service with the court.  See doc. no. 5.  The summons included with the return contained a case caption identifying the defendant as YMCA of New Hampshire.  The summons failed to include the clerk's signature or the court's seal.  The certificate of service included with the return indicates that Deputy Sheriff Michael E. Chavez delivered the summons to "Kelly McKenna, Executive Director, YMCA of New Hampshire" at 550 Peverly Hill Road in Portsmouth, New Hampshire.

On July 1, defendant filed the instant motion to dismiss for insufficient process and insufficient service of process.[3]  See doc. no. 6.

---

[3] On July 12, plaintiff filed another motion to extend time for service.  See doc. no. 9.  He filed an additional return of service that same day.  See doc. no. 8. The case caption on the summons once again identifies the defendant as YMCA of New Hampshire.  The summons does, however, include the court's seal and the clerk's signature.  The return also includes a blank proof of service form.

## DISCUSSION

Defendant acknowledges that it is the proper defendant in this action and that it has received actual notice of plaintiff's complaint. Doc. no. 6 at 1, 6. Moreover, the court granted defendant's request for additional time to object or respond to plaintiff's complaint. Defendant now moves to dismiss for insufficient process under Rule 12(b)(4) and insufficient service of process under Rule 12(b)(5).

I.   Legal Standard

A defendant may challenge the sufficiency of process under Rule 12(b)(4) and may challenge the manner in which process was served under Rule 12(b)(5). See 5B Arthur R. Miller et al., Federal Practice and Procedure: Civil § 1353 (3d ed.). A challenge to the sufficiency of process "concerns the form of the process rather than the manner or method of its service." Girard v. Dodd, Civ. No. 2:16-CV-165-DBH, 2016 WL 4734373, at *1 (D. Me. Sept. 9, 2016). "Thus, a motion under Rule 12(b)(4) in effect challenges the content of the summons and whether it complied with Federal Rule of Civil Procedure 4(a) and (b)." Id. By contrast, a "Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." Miller et al., supra.

II.   Insufficient Process

Rule 4(a)(1) requires the summons to "name . . . the parties," "be directed to the defendant," and bear the clerk's signature and the court's seal. Fed. R. Civ. P. 4(a)(1). Defendant argues that both the April and June returns fail to demonstrate that defendant received process that complied with these requirements. Defendant

4

is correct that these summonses misname defendant in the case caption and do not include the clerk's signature or the court's seal.  However, a Rule 12(b)(4) motion to dismiss "will be granted only when the defect is prejudicial to the defendant." Miller et al., supra.  Defendant does not argue that it has been prejudiced by these defects in process.  And, given that defendant received actual notice of the complaint and an extension of time to respond thereto, the court fails to see how any of these defects could be prejudicial.  Accordingly, defendant's motion to dismiss is denied insofar as it is based on insufficient process.

That said, "the court lacks discretion to ignore deficiencies in process." Wilson v. Brock, No. Civ. 01-284-JD, 2002 WL 1676287, at *3 (D.N.H. July 18, 2002) (citing Fed. R. Civ. P. 4(m)); see also Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) (service of process is prerequisite to court's exercise of personal jurisdiction over defendant).  As will be further explained below in Section III, Plaintiff is ordered to serve process on defendant within thirty days of this order's issuance.  See Fed. R. Civ. P. 4(m).

## III.   Insufficient Service of Process

There are two ways in which a plaintiff may serve a corporation under Federal Rule of Civil Procedure 4.[4]  First, a plaintiff may serve a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or

---

[4] The court takes judicial notice of the fact that "The Granite Young Men's Christian Association" is a registered nonprofit corporation according to the New Hampshire Secretary of State's website.  See Fed. R. Civ. P. 201; Villano v. Long Island Pipe Supply, Inc., Civ. No. 19-cv-808-LM, 2020 WL 1244929, at *3 (D.N.H. Mar. 16, 2020).

general agent, or any other agent authorized by appointment . . . to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).  Neither the April nor the June return of service indicates that plaintiff served process on an officer, managing agent, or general agent of defendant, and defendant states it has no authorized agent to receive service of process on its behalf.  Accordingly, plaintiff's service of process was not in compliance with Rule 4(h)(1)(B).

Alternatively, a plaintiff may serve a corporation "by following the law governing service either of the state where the district court is located or the state where the defendant is located when service is made." Villano v. Long Island Pipe Supply, Inc., Civ. No. 19-cv-808-LM, 2020 WL 1244929, at *3 (D.N.H. Mar. 16, 2020); see Fed. R. Civ. P. 4(e)(1), (h)(1)(A).  "Under New Hampshire law, service on a corporation may be accomplished by serving the corporation's registered agent." Villano, 2020 WL 1244929, at *3 (citing RSA 293-A:5.04).  "If a corporation has no registered agent, . . . the corporation may be served by registered or certified mail, return receipt requested, addressed to the secretary of the corporation at its principal office."  RSA 293-A:5.04(b).  Here, the court takes judicial notice of the fact that the New Hampshire Secretary of State's website lists Granite YMCA's principal address as 117 Market St., Manchester, NH, 03101.  See Fed. R. Ev. 201. The returns of service filed by plaintiff do not indicate that a summons was delivered to this address.  Accordingly, plaintiff's service of process was not in compliance with Rule 4(h)(1)(A).

That said, "[i]t is well known that the dismissal of the action under Fed. R. Civ. P. 12(b)(5) is inappropriate where there is a 'reasonably conceivable means' through which service may be obtained and jurisdiction acquired over the defendant." Ramirez de Arellano v. Colloïdes Naturels Int'l., 236 F.R.D. 83, 85 n.4 (D.P.R. 2006) (quoting Grant-Brooks v. Nationscredit Home Equity Servs. Corp., No. CIV.A. 3:01-CV-2327-, 2002 WL 424566, at *4 (N.D. Tex. 2002)).  "Furthermore, if the first service is ineffective, and the defects are curable, the Court should treat a motion to dismiss as a motion to quash service of process in the alternative and retain the case pending effective service."  Id.

Here, there is a reasonably conceivable means through which plaintiff may effect service of process upon defendant Granite YMCA.  Defendant recognizes in its motion that plaintiff could accomplish service "by registered mail addressed to the secretary of Granite YMCA at 117 Market Street, Manchester, NH 03101."  Doc. no. 6-1 at 5.  The court therefore declines to dismiss this action and instead quashes all prior attempts at service of process.  Plaintiff is ordered to serve defendant, The Granite Young Men's Christian Association, within thirty days.  See Fed. R. Civ. P. 4(m).  Plaintiff may serve defendant by registered or certified mail (return receipt requested) addressed to the secretary of Granite YMCA at 117 Market Street, Manchester, NH 03101.

The court appreciates that the plaintiff in this disability discrimination action is self-represented and may be unfamiliar with court procedures.  Plaintiff is

encouraged to review Rule 4 of the Federal Rules of Civil Procedure as well as the court's guide for pro se civil litigants.[5]

## CONCLUSION

Defendant's motion to dismiss (doc. no. 6) is denied. All prior attempts at service of process upon defendant are quashed. Plaintiff is ordered to effect service of process as described in this order. Plaintiff's motion to extend time for service (doc. no. 9) is denied as moot.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

July 26, 2021

cc: Michael A. Doyle, pro se
    Counsel of Record

---

[5] The Federal Rules of Civil Procedure are available online at: https://www.uscourts.gov/sites/default/files/federal_rules_of_civil_procedure_dec_1_2019_0.pdf.

The court's guide for pro se civil litigants is available online at: https://www.nhd.uscourts.gov/pdf/ProSe_Guide_2017.pdf