UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Michael Doyle

v.                                    Case No. 21-cv-112-SE
                                      Opinion No. 2023 DNH 107
YMCA of New Hampshire

O R D E R

Pro se plaintiff Michael Doyle's amended complaint alleges
a defamation claim against defendant Granite Young Men's
Christian Association ("Granite YMCA") based on its employees'
alleged false statements to police claiming that Doyle
threatened them.[1] Under New Hampshire law, accusations of
criminal conduct are generally not actionable as defamation. In
addition, the witness immunity doctrine provides that a person
is ordinarily immune from liability for defamation if the claim
arises from formal or informal complaints that he or she made to
police or prosecutors "pertinent to the subject matter of the
proceeding." McGranahan v. Dahar, 119 N.H. 758, 763, 767-70
(1979). The protection applies whether or not the statements led
to the institution of criminal charges. Id. Thus, Granite YMCA
moves to dismiss the defamation claim. Doc. no. 41. Because the
court agrees that the alleged statements are either unactionable

---

[1] The complaint names "YMCA of New Hampshire" as the
defendant. The defendant states that the proper defendant is
Granite YMCA, and it presumes that Doyle intended to name that
entity as a defendant.

or protected by absolute privilege, it grants Granite YMCA's
motion to dismiss.

## Standard of Review

To survive a Rule 12(b)(6) motion to dismiss for failure to
state a claim, a plaintiff must make factual allegations
sufficient to "state a claim to relief that is plausible on its
face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell
Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is
facially plausible if it pleads "factual content that allows the
court to draw the reasonable inference that the defendant is
liable for the misconduct alleged." Id.

To test a complaint's sufficiency, the court must first
identify and disregard statements that "merely offer 'legal
conclusions couched as fact' or 'threadbare recitals of the
elements of a cause of action.'" Ocasio–Hernández v. Fortuño–
Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Iqbal, 556 U.S.
at 678 (alterations omitted)). Second, the court must credit as
true all nonconclusory factual allegations and the reasonable
inferences drawn from those allegations, and then determine if
the claim is plausible. See id. In light of Doyle's pro se
status, the court liberally construes his pleadings. Erickson v.
Pardus, 551 U.S. 89, 94 (2007) (per curiam).

Background[2]

In the summer of 2020, Doyle was a member of the Granite
YMCA's Portsmouth, New Hampshire location ("Seacoast YMCA"). He
alleges that he qualifies as an individual with disabilities as
defined in the ADA, and that he has difficulty walking and
getting in and out of low-to-the-ground chairs.

Doyle alleges that the Granite YMCA violated his rights
under the ADA by refusing to provide adequate handicapped
parking for him to access the pool and chairs of sufficient
height around the pool at the Seacoast YMCA.

On August 14, 2020, Doyle called the police while he was at
the Seacoast YMCA.[3] He wanted to file a complaint against the
YMCA for its failure to offer a handicapped parking spot by the
pool. Doyle was also upset that YMCA employees had threatened to
call the police when he did not follow the rules of the gym.

_____

[2] Doyle's complaint also alleges a claim against Granite
YMCA for violation of the Americans with Disabilities Act
("ADA"), 42 U.S.C. § 12181, et seq. Both Doyle and Granite YMCA
have moved for summary judgment on the ADA claim. The court does
not address that claim in this order other than to provide
background for Doyle's defamation claim.

[3] Doyle filed the police report from the August 14, 2020
encounter. See doc. no. 23. The court considers the report for
the purpose of the background section because the parties do not
dispute the document's authenticity and it is central to Doyle's
defamation claim. Watterson v. Page, 987 F.2d 1, 3 (1st Cir.
1993).

Lieutenant David Keaveny responded to the call and spoke to
Doyle and two YMCA employees, Kelli McKenna and Megan Wilson.

Doyle alleges that during the discussion with Lieutenant
Keaveny, McKenna and Wilson "falsely accused [Doyle] of
threatening them and asked that an officer return to the
property at 6 pm when they closed to make sure they got to their
cars safely." Doc. no. 32-1 at 5. He further alleges that the
"false claim of a threat from [him] held him up to ridicule and
embarrassment in the community and stress from dealing with the
humiliation caused by Wilson and McKenna." Id. at 5-6.

Doyle's defamation claim against Granite YMCA is based on
McKenna's and Wilson's statements to Lieutenant Keaveny. Granite
YMCA moves to dismiss Doyle's defamation claim on the ground
that its employees' alleged statements to Lieutenant Keaveny are
protected by the witness immunity doctrine. Granite YMCA also
relies upon, though conflates with witness immunity, the New
Hampshire Supreme Court's additional reasoning in McGranahan
determining that defamation claims based upon reports to police
and prosecutors cannot be redressed through a defamation claim
under New Hampshire law.


## Discussion

"New Hampshire has long recognized that 'statements made in
the course of judicial proceedings are absolutely privileged

from liability in civil actions.'" Reenstierna v. Currier, 873 F.3d 359, 364 (1st Cir. 2017) (quoting Pickering v. Frink, 123 N.H. 329 (1983)). The privilege "is tantamount to an immunity. It is not conditioned on the actor's good faith." McGranahan, 119 N.H. at 762.

This witness immunity doctrine is not limited to statements made in "the walls of a courtroom." Reenstierna, 873 F.3d at 364 (discussing Provencher v. Buzzell-Plourde Assocs., 142 N.H. 848, (1998)). Instead, it applies to "both formal and informal complaints and statements to a prosecuting authority as part of the initial steps in a judicial proceeding." McGranahan, 119 N.H. at 769. The privilege extends to statements made to police during a criminal investigation, "provided they are pertinent to the subject of the proceeding." Id. at 762, 767-70; Hungerford v. Jones, 988 F. Supp. 22, 27 (D.N.H. 1997).

Here, Doyle's defamation claim against Granite YMCA is based on statements that McKenna and Wilson allegedly made to Lieutenant Keaveny.[4] Doyle called the police to enforce his rights under the ADA and to complain about his interactions with YMCA employees. Lieutenant Keaveny went to the YMCA to

---

[4] The court notes that the police report, which Doyle filed and which the court may consider at this stage of the litigation, contradicts Doyle's allegations that McKenna and Wilson accused him of threatening them. Because the court grants Granite YMCA's motion to dismiss on other grounds, the court does not address that contradiction.

investigate. In the course of that investigation, McKenna and
Wilson allegedly told Lieutenant Keaveny that Doyle threatened
them during those interactions and asked for the police to
return at closing.

McKenna and Wilson made their statements to a police
officer as part of his investigation into the incident Doyle
reported. As such, they fall under the witness immunity
doctrine, and Doyle cannot maintain his defamation claim against
Granite YMCA based on those statements. See Hungerford, 988 F.
Supp. at 27. Although Doyle makes arguments in opposition — such
as that McKenna's and Wilson's statements were false and were
not made during a judicial proceeding — those arguments are
based on a misunderstanding of the witness immunity doctrine and
do not prevent dismissal of his defamation claim.

Even if the witness immunity doctrine did not insulate
Granite YMCA from Doyle's defamation claim, the claim would not
be actionable. As the New Hampshire Supreme Court has explained,
a person accused of a crime but not convicted cannot bring a
cause of action for defamation. "Except in extreme cases, for
which malicious prosecution or abuse of process are adequate
remedies, a person wrongfully accused of a crime must bear that
risk, lest those who suspect wrongful activity be intimidated
from speaking about it to the proper authorities for fear of
becoming embroiled themselves in the hazards of interminable

6

litigation." McGranahan, 119 N.H. at 769. Accordingly, Doyle's defamation claim based on McKenna's and Wilson's statements to Lieutenant Keaveny must be dismissed.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 41) is granted.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

August 23, 2023

cc: Michael Doyle, pro se.
    Counsel of record.