UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Michael Doyle

    v.                              Case No. 21-cv-112-SE
                                           Opinion No. 2023 DNH 108

The YMCA of New Hampshire

O R D E R

Pro se plaintiff Michael Doyle alleges that defendant Granite Young Men's Christian Association[1] ("Granite YMCA") violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq. by failing to provide accessible parking and adequate seating by its pool. Faced with Granite YMCA's summary judgment motion, which includes competent evidence showing that it did not violate Doyle's rights under the ADA (doc. no. 44), Doyle responded by filing his own motion for summary judgment (doc. no. 47) and objecting to Granite YMCA's motion (doc no. 48). Neither Doyle's motion nor his objection refers to any relevant evidence or offers much more than conclusory statements. Because Granite YMCA's uncontroverted evidence shows that it did not violate Doyle's ADA rights, it is entitled to summary judgment and Doyle is not.

---

[1] The complaint names "YMCA of New Hampshire" as the defendant. The defendant states that the proper defendant is Granite YMCA, and it presumes that Doyle intended to name that entity as a defendant.

Standard of Review

The court treats cross-motions for summary judgment separately, drawing inferences in the nonmoving party's favor. AJC Intern., Inc. v. Triple-S Propiedad, 790 F.3d 1, 3 (1st Cir. 2015). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "carries with it the potential to affect the outcome of the suit." French v. Merrill, 15 F.4th 116, 123 (1st Cir. 2021) (quotation omitted). A material fact is in genuine dispute if "a reasonable jury could resolve the point in the favor of the non-moving party." Id. In considering a motion for summary judgment, the court may review materials cited in the motion and other materials in the record. Fed. R. Civ. P. 56(c)(1)(3).

Background

Doyle has chronic heart disease, obesity, hypertension, and degenerative joint disease in both of his knees. His medical issues make it difficult to walk and to get in and out of low chairs.

In the summer of 2020, Doyle was a member of the Granite YMCA's Portsmouth, New Hampshire location ("Seacoast YMCA"). The

2

Seacoast YMCA has 117 parking spots in its parking lot, including 10 handicapped spots near its main entrance. The main entrance is the YMCA's only public entrance and is handicapped accessible. All members are required to check in at the front desk near the entrance before using the facilities, including the outdoor pool.

The Seacoast YMCA outdoor pool is enclosed by a fence. The fence has a gate that faces the parking lot and is usually kept locked. There is a grassy hill leading down from the gate to the lot. There are no designated parking spots at the base of the grassy hill. That area is reserved for emergency vehicle use. Members are supposed to access the pool by an indoor route after checking in at the front desk and not through the gate at the top of the grassy hill.

From July through August 2020, Doyle visited the Seacoast YMCA several times. Each time he visited, he brought his own chair to sit by the pool. Doyle told YMCA staff that the YMCA chairs around the pool were too low for him. They ignored his complaints, but allowed him to bring his own chair on each occasion.

Doyle's visits to the Seacoast YMCA had a familiar pattern. He would park his car in a handicapped spot near the main entrance and check in at the front desk. He would then return to

his car, drive it to the area near the pool, park at the bottom
of the grassy hill, walk up the hill, and enter the pool through
the fence gate. Because the gate was often locked with a
padlock, a YMCA staff member would usually need to unlock it so
Doyle could enter. Doyle repeatedly requested that they keep the
gate unlocked whenever there were members or staff in the pool
area. The YMCA ignored his requests.

Seacoast YMCA employees frequently asked Doyle not to park
in the area in which he parked at the bottom of the hill because
it was reserved for emergency vehicle use. They also asked him
not to walk up the hill or enter the pool through the gate.
According to Doyle, he "ignored these orders as they made no
sense." Doc. no. 19, ¶ 6.

Doyle brings a disability discrimination claim against
Granite YMCA based on the Seacoast YMCA's alleged violations of
the ADA.[2] Those violations include prohibiting him from parking
in the area closest to the outdoor pool and failing to provide
seating of adequate height in the pool area.[3]

---

[2] Doyle also brought a defamation claim based on Seacoast
YMCA's employees' statements to police that Doyle was
threatening them. The court granted Granite YMCA's motion to
dismiss that claim.

[3] In his summary judgment filings, Doyle mentions that the
pool at the Seacoast YMCA did not have a ramp to allow
handicapped individuals to enter or exit the water. Neither

Discussion

Doyle brought a claim under Title III of the ADA, which prohibits discrimination in public accommodations and services operated by private entities. "To prove a violation of Title III of the ADA, a plaintiff must show that []he is disabled within the meaning of the ADA, that the defendant is a private entity that owns or operates a place of public accommodation, and that the plaintiff was denied accommodation because of [his] disability." Access Now, Inc. v. Blue Apron, LLC, No. 17-CV-116-JL, 2017 WL 5186354, at *9 (D.N.H. Nov. 8, 2017) (quotation omitted). Relevant to Doyle's claim, a plaintiff is denied an accommodation because of his disability when a defendant fails:

> to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]

42 U.S.C. § 12182(b)(2)(A)(ii).

Granite YMCA moves for summary judgment on Doyle's ADA claim. It does not dispute for the purpose of summary judgment

---

Doyle's complaint nor his amended complaint alleged an ADA violation based on any need for a ramp. Therefore, the absence of a ramp is not a part of Doyle's ADA claim in this case.

that Doyle is disabled within the meaning of the ADA and that it
owns and operates a place of public accommodation. It contends,
however, that the record evidence establishes that it neither
failed to make reasonable modifications that were necessary to
accommodate Doyle's disability nor violated parking
accessibility requirements. Doyle disagrees, stating that
Granite YMCA's motion is filled with "many false and inaccurate
assertions" and "misrepresents the facts of the case." Doc. no.
48 at 2. Doyle also moves for summary judgment, arguing that the
facts plainly show that Granite YMCA violated his rights under
the ADA.


I.   Doyle's Motion for Summary Judgment

     Doyle's motion contains six numbered paragraphs that
largely repeat certain allegations in his amended complaint. As
Granite YMCA notes in its objection, the motion does not
"incorporate a short and concise statement of material facts,
supported by appropriate record citations," as required under
Local Rule 56.1. Indeed, Doyle's motion refers to no record
evidence whatsoever and does not demonstrate the absence of a
genuine issue of material fact as to his ADA claim. In short,
Doyle has not shown that he is entitled to summary judgment, and
the court denies his motion.

II.  <u>Granite YMCA's Motion for Summary Judgment</u>

Granite YMCA argues that the uncontroverted record evidence demonstrates that it did not violate Doyle's ADA rights with regard to its parking spaces or the seating area around the pool.[4] The court addresses each alleged ADA violation separately.


A.   <u>Parking</u>

The record evidence shows that the Seacoast YMCA provided 10 handicapped parking spots by the front entrance where members were required to check in. After checking in, members could and did then access the pool through an indoor route. Thus, the YMCA afforded parking accommodations to handicapped individuals, including to those who used the outdoor pool. Doyle does not

---

[4] In its objection to Doyle's motion for summary judgment, Granite YMCA argues that Doyle does not have standing to assert his ADA claim because he is no longer a Seacoast YMCA member and cannot show a risk of future harm. <u>See</u> doc. no. 50-1 at 3-4; Norkunas v. HPT Cambridge, LLC, 969 F. Supp. 2d 184, 191 (D. Mass. 2013) (noting that in a Title III case, a "risk of future harm exists where a plaintiff who has suffered an injury has a firm intention to return or where the plaintiff is being deterred from patronizing the business by the defendant's misconduct"). Granite YMCA states in its objection that Doyle's lack of standing is another reason to grant its motion for summary judgment. Doc. no. 50-1 at 4 n.2. Because the court grants the motion on other grounds, the court does not address whether Doyle has standing to assert his ADA claim.

explain why those accommodations were inadequate for his alleged disability.

Doyle may have preferred to park by the pool, walk up the hill, and enter through a gate, but "[f]acilities need make only reasonable accommodations that are 'necessary.' They are not required to make the preferred accommodation of plaintiffs' choice." A.L. by & through D.L. v. Walt Disney Parks & Resorts US, Inc., 469 F. Supp. 3d 1280, 1304 (M.D. Fla. 2020), aff'd sub nom. A. L. by & through D.L. v. Walt Disney Parks & Resorts U.S., Inc., 50 F.4th 1097 (11th Cir. 2022) (citations and quotations omitted). Therefore, the handicapped parking spots are sufficient to satisfy ADA parking requirements here.

Further, the undisputed evidence is that Doyle parked his car in an area without designated parking spots, which was reserved for emergency vehicle use and through which Seacoast YMCA employees had seen emergency vehicles travel on prior occasions. Thus, the evidence in the record shows that Doyle's requested modification would have impacted the safety of other YMCA members. The ADA does not require such a modification. See, e.g., Dudley v. Hannaford Bros. Co., 333 F.3d 299, 308 (1st Cir. 2003).

Although Doyle's objection asserts in conclusory fashion that Granite YMCA misrepresents the facts, he does not point to

any record evidence that creates a dispute of material fact as
to the parking area. Indeed, as mentioned above, Doyle cites to
no material evidence in either his summary judgment motion or
his objection to Granite YMCA's summary judgment motion. He
quarrels with overhead photos submitted with Granite YMCA's
motion because, he argues, their depiction of certain shrubs
near the established handicapped parking is misleading. But the
position of those shrubs is not relevant to his claims.

Earlier in the litigation, Doyle filed a motion for
sanctions, claiming that Granite YMCA's answer contained false
and misleading statements. See doc. no. 16. In support of that
motion, Doyle filed a sworn affidavit (doc. no. 19) and pictures
of the area where he parked (doc. no. 20). Referring to the
pictures, Doyle's affidavit asserted that Granite YMCA's claim
that the area in which Doyle parked was reserved for emergency
vehicles was "not credible" because over 50 feet of grass
separated where he parked and the street, and because the area
was not marked "fire lane." Doc. no. 19, ¶ 7.

To the extent that Doyle intended to rely on that evidence
in support of his argument on summary judgment, that effort
would be in vain. Neither his opinion regarding the credibility
of the statement, nor his assessment of the practicality of
using the area for emergency vehicles, nor the absence of

signage is sufficient to overcome a sworn statement that the area was in fact reserved for emergency vehicles and used by them. See, e.g., Goenaga v. Mar. of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995) ("The party opposing summary judgment may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible, or upon the mere allegations or denials of the adverse party's pleading." (quotations and citations omitted)). Doyle's affidavit and pictures do not create a dispute of material fact as to whether the YMCA violated the ADA with regard to the parking area. Even if they did, Doyle has presented no record evidence to show that the existing handicapped parking was an insufficient accommodation or that his desired parking was necessary and reasonable.

For those reasons, Granite YMCA is entitled to summary judgment on the part of Doyle's ADA claim that is based on parking access.


B.   Seating Around the Pool

Granite YMCA makes two arguments in support of summary judgment as to Doyle's ADA claim regarding seating around the pool. The first is that there is no evidence in the record to show that it violated any ADA seating requirement. During

discovery, Granite YMCA propounded an interrogatory asking Doyle to state all facts as to whether and how the pool seating is not compliant with the ADA. Doyle stated: "Compliant seating needs to be 24 inches above the deck not 12 inches." Doc. no. 44-3 at 7. Likewise, Doyle references the 24-inch requirement in his summary judgment motion, and states that he was "forced to provide his own lawn chair to have any seating at the pool whatsoever." Doc. no. 47, ¶¶ 2, 4. Granite YMCA asserts that it has not located any guidance or authority requiring movable seating 24 inches above the deck.

Granite YMCA's second argument is that there is no evidence in the record to show that it refused a request for a reasonable and necessary seating modification. Again relying on Doyle's interrogatory responses and its own affidavit, it argues that the evidence in the record shows that Doyle brought his own lawn chair to the pool because he felt the available seating was inadequate, and that Granite YMCA never prevented him from doing so.

Doyle does not address these arguments in his objection to Granite YMCA's summary judgment motion. He has provided no evidence or argument establishing a legal requirement for seating 24 inches above the deck. He does not allege that bringing his own chair somehow harmed him or was insufficient.

11

Indeed, his objection does not address his claim regarding the pool seating at all. Granite YMCA is entitled to summary judgment on Doyle's claim that it violated the ADA with respect to the pool seating.

## Conclusion

For the foregoing reasons, Doyle's motion for summary judgment (doc. no. 47) is denied. The defendant's motion for summary judgment (doc. no. 44) is granted. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

August 23, 2023

cc: Michael Doyle, pro se.
    Counsel of record.